Smith, J.
A motion has been filed to dismiss the appeal taken by the original plaintiffs in this case on the grounds, first, that the action is not an appealable one; and, second, that the notice given by them of their intention to appeal was not sufficient under the statute. Other persons, made defendants to the original action gave a general notice of appeal, and duly filed the papers in this eourt. Other defendants, on the theory that the case is not one for appeal, have filed petitions in error, seeking the reversal of the judgments of the trial court as to their claims, and we understand that the questions as to the status of all these cases have been submitted for our decision. If the case is an appealable one, and the whole case has been *277 brought into this court by an appeal by any one or more of the parties, it. would follow that the petitions in error must be dismissed, as the appeal would vacate the judgments rendered in the trial court
Was the action, then, an appealable one, either by the plaintiffs, or by one or more of the defendants ? As in many other cases involving the right of appeal, the question is not free from difficulty.
The petition of the plaintiffs avers in substance that Clark & Hussey had contracted with the county commissioners of this county to improve the Pleasant Ridge road, on certain plans and specifications, for $17,577.50, and plaintiffs were their sureties for the due performance of the contract; that after doing a part of the work and receiving a part of the price therefor, Clark & Hussey failed, and the plaintiffs, to save themselves from loss, completed the contract, with the consent and approval of the county commissioners, according to the terms thereof, and did extra work thereon ordered by the commissioners, Clark & Hussey having assigned their rights in the contract to the plaintiffs. They aver that after the work was completed the commissioners, against the protest of plaintiffs, gave vouchers to Clark & Hussey for the sum of $7,483.52, but the same have not been honored by the county auditor, and the same have not been paid; that in addition to the sum of $7,883.52, there is due $1,200 for extra work on said contract, for which the board is liable ; and in effect a judgment is asked against the board for these sums. It is further averred that prior to the time that Clark & Hussey assigned the contract to them, the plaintiffs had loaned them $1,700, to be used'on such work, and which was so used, and the same, with eight per cent, interest, is a lien in their favor on the balance in the hands of the county, and that, after thé assignment to the plaintiffs, they expended, in the completion of the work, $4,723.26 additional, for which, with the interest thereon, they claim the first and best lien on said balance. It is then averred that a large number *278 of persons, who are made defendants, claim a lien on said fund, and it is asked .that they set up their claims, if any they have.
The prayer is, that the county authorities shall give to the plaintiffs vouchers for the amount so claimed by them as the first and best claim, against. said fund;. that defendant Giffin account for money in his hands, and that the claim of Giffin and wife be cancelled, and the liens of the other, defendants be ascertained, adjusted and disposed of, and that they might have a judgment and order against the commissioners'and Gounty auditor, and all other legal and equitable relief to which they might be entitled.
The commissioners filed an answer, substantially admitting that there was a balance due of $7,484.52, and denying that anything was due for extra work. Many other defendants filed answers and cross-petitions, claiming amoünts due them as sub-contractors, from Clark & Hussey, and setting up liens taken therefor. On the hearing the court found that only $7,843.52 was due from county on the contract, and dismissed the action as against the commissioners, and found that the plaintiffs were entitled to a certain amount of this balance, and other defendants to certain sums, and others to nothing, and ordered the auditor to draw warrants in the order found. And from this judgment or decree the appeal was attempted.
If the county officials had been the only defendants, we are of the opinion that as a claim for money only was asserted against them, that as to this either. óf the parties would have been entitled to a trial-by jury, though some equitable r'elief was also sought in .aid of the judgment for money, and consequently, that the case was not an appealable one, as where a personal judgment is sought on a note and the foreclosure of a mortgage given to secure it. Does the fact,'.then,,that there-are other .defendants against whom the plaintiff asserts no money elaim, but who are brought in as claiming a part of a fund, claimed also by the *279 plaintiffs, change the rule, and as to the validity of their claims and their priority against the fund, make the case an appealable one ?
Under the authority of the case of Fleming v. Kerhendall, 31 Ohio St. 568, we think it does, and that the parties, if not satisfied with the findings of the court, may appeal; that the interposition of a court of equity is necessary to the determination of such priorities. If an action be brought by a single lien holder against the principal contractor to establish the amount of his claim, joining in the action the person with whom the contractor made his contract, to subject the fund due to such lien, the case of Dunn v. Kanmaeher et al., 26 Ohio St. 487, seems to hold that this is an action for money only under the statute, which gives the right so to proceed as for money had and received, and is not appealable. But where there are several lien holders, and all claiming priority as against the fund, it seems to us the rule would be otherwise. It is in the nature of a creditor’s bill to assert and marshal liens on property or a fund from which payment is to be made, which is clearly appealable.
Holding the case, then, to be appealable, how does the case of plaintiffs stand ? Their notice of appeal was as follows : “ And thereupon carne the plaintiffs, U. N. Means and J. C. Hassenier, and gave notice of their intention to appeal this cause to the Circuit Court of Hamilton County, except as to the finding and judgment in favor of H. C. Durrall, and against Michael O’Hern, C. L. Steinkamp & Son, S. C. Davis, J. & G. Acomb, J. W. Giffin, agent of Lloyd Giffin, and the board of commissioners of Hamilton County,” and the court fixed the bond to be given to the' other defendants at $3,000.
It is apparent from this that the plaintiffs did not appeal the case as to the commissioners and other defendants who were necessary parties to a complete determination of the controversy, all of them except the county commissioners claiming liens on said fund. The question was as to the dis *280 position of the fund, and all of the parties to the suit were interested in that. We have heretofore held in several cases, that where this is so, a person desiring to appeal can not do so as to parties who were successful as against him, and exclude from the appeal questions as to the rights of others, against whom he was successful. It is only where the interest of a party desiring an appeal is separate and distinct from that of the other party or parties, that he may appeal the part of the case in which he is interested. In other eases the appeal must be of the whole case. Sec. 5227 and 5232, Rev. Stat.
S. A. Miller, for appellant.
H. B. Tyrrell et al., for appellees.
The notice to dismiss the appeal of plaintiffs will be granted. Others of the defendants having appealed generally, the motion to dismiss as to them will be overruled. The petitions in error will also be dismissed.